**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| F & N Enterprises, dba Northern Arizona Sign and Graphics, Inc., an Arizona Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Federal Deposit Insurance Corporation as Receiver for First State Bank, an Arizona corporation,<br><br>    Defendant. | No. CV 09-8175 PCT-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Federal Deposit Insurance Corporation's ("FDIC") Motion for Summary Judgment (Doc. # 15). For the reasons that follow, the Court grants the FDIC's motion.

**I.    Background**

The material facts are not in dispute. In 2007, Plaintiff designed, manufactured, and installed certain signs for First State Bank. After First State Bank refused to pay for Plaintiff's work, Plaintiff filed a lawsuit against First State Bank. Plaintiff's lawsuit was subjected to compulsory arbitration, which in October 2009 resulted in an award in Plaintiff's favor.

In September 2009, the Superintendent of the Arizona Department of Financial Institutions closed First State Bank. Also during September 2009, the Maricopa County

Superior Court appointed the FDIC as receiver for First State Bank. In October 2009, Plaintiff filed a proof of claim with the FDIC for the arbitration award in the amount of $25,816.62. In December 2009, the FDIC issued a Receiver's Certificate to Plaintiff for the full amount of the claim. Plaintiff disputes that the Receiver's Certificate constitutes payment for the arbitration award.

**II.     Analysis**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." FED. R. CIV. P. 56(c). Thus, summary judgment is mandated, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

FDIC argues that the issuing of the Receivership Certificate to Plaintiff in the full amount of the arbitration award satisfies Plaintiff's claim. In response, Plaintiff argues that the Receivership Certificate is only a formal record of the claim, and that Plaintiff has not "received one penny of the $25,816.62 owed to it." (Doc. # 17 at p. 4.) Based upon the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821 *et seq.*, and the Ninth Circuit Court of Appeal's interpretation of FIRREA, the Court agrees with the FDIC.

It is undisputed that the FDIC has issued a Receivership Certificate to Plaintiff for the full amount of the arbitration award. The only issue is whether the Receivership Certificate constitutes payment such that Plaintiff's claim is satisfied.

In 1989, in response to the nation's banking crisis, Congress enacted FIRREA. "The statute 'allows the FDIC to act as receiver or conservator of a failed institution for the protection of depositors and creditors,' establishing a scheme for dealing with claims against the failed institution." *Battista v. Fed. Deposit Ins. Corp.*, 195 F.3d 1113, 1116 (9th Cir. 1999) (quoting *Sharpe v. Fed. Deposit Ins. Corp.,* 126 F.3d 1147, 1154 (9th Cir. 1997)).

Section 1821(d) outlines the powers and duties of the FDIC as receiver. The FDIC is authorized to determine and pay claims in accordance with section 1821(d) against the financial institution placed into receivership. In *Resolution Trust Corp. v. Titan Financial Corp.*, the Ninth Circuit addressed the precise issue of whether the FDIC could issue a receivership certificate to pay creditors in lieu of a cash payment: "FIRREA does not indicate whether a failed institution or its receiver may use a Certificate of Award to pay creditors. We hold that it may." 36 F.3d 891, 892 (9th Cir. 1994). *See also Id.* at 893 ("We hold that [Defendant] is entitled only to a Certificate of Award, not 'cash or its equivalent.' Accordingly, the RTC, as receiver, may pay Sellan's attorney's fees on appeal in the form of a Certificate of Award . . . ."). The Ninth Circuit then affirmed its holding in *Resolution Trust Corp.*, by stating that "[t]here is no question that the FDIC may pay creditors with receiver's certificates instead of with cash." *Battista v. F.D.I. C.*, 195 F.3d 1113, 1116 (9th Cir. 1999) (citing *Resolution Trust Corp.*, 36 F.3d at 892).

In response, Plaintiff cites only *FDIC v. Grillo*, 788 F.Supp. 641 (D. N.H. 1992) for the proposition that it may continue this action through the court process. *Grillo* does not address whether a receiver's certificate constitutes payment in full. Rather, *Grillo* deals with an issue of subject matter jurisdiction not presently at issue in this action. As such, *Grillo* is inapposite.

Given the Ninth Circuit's guidance on this issue, the Court finds that the Receivership Certificate constitutes payment in full under FIRREA such that Plaintiff's claim is satisfied. Under FIRREA and Ninth Circuit precedent, Plaintiff is not entitled to a cash payment. Although the Court recognizes the resulting harshness that is likely to follow from such a ruling, this Court is not at liberty to deviate from the dictates of Congress and the Ninth Circuit.

Plaintiff also argues that the Receivership Certificate itself does not state that it constitutes payment in full. Whether the Receivership Certificate states that payment has occurred does not alter the legal effect of such a certificate. Once the FDIC issued the Receivership Certificate, Plaintiff's claim became paid in full.

Accordingly,

**IT IS ORDERED** that Defendant Federal Deposit Insurance Corporation's Motion for Summary Judgment (Doc. # 15) is granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff, with Plaintiff to take nothing.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case.

DATED this 2nd day of June, 2010.

James A. Teilborg
United States District Judge